UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>JAIRO HERNANDEZ,<br><br>              Defendant. | Case No.  14-cr-00120-EMC-6<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE**<br><br>Docket Nos. 1149, 1186 |

On April 27, 2020, the Ninth Circuit issued an order granting Defendant Jairo Hernandez permission to file a second § 2255 motion.  The Ninth Circuit referred the matter to this Court to decide on the merits.  *See* Docket No. 1148 (Ninth Circuit order) (stating that the was not "express[ing] [an] opinion as to the merits of the applicant's claims or whether the procedural requirement of 28 U.S.C. § 2255(f) is satisfied").  After the referral from the Ninth Circuit, Mr. Hernandez filed an amended § 2255 motion.  Briefing on the amended motion has now been completed.  Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** Mr. Hernandez's request for relief.

## I.    FACTUAL & PROCEDURAL BACKGROUND

The superseding indictment in the *Alvarez* case charged Mr. Hernandez with the following counts:

- **Count 1:** Violation of 18 U.S.C. § 1962(d) – racketeering conspiracy.
    - The alleged racketeering enterprise was the 19th Street Sureños gang.  *See* Docket No. 241 (Super. Indict. ¶ 13).
- **Count 2:** Violation of 18 U.S.C. § 1959(a)(5) – conspiracy to commit murder in aid of racketeering activity.

United States District Court
Northern District of California

- o Mr. Hernandez allegedly conspired with others "to commit murder, in violation of California Penal Code Sections 187, 188, and 189, to wit, . . . to kill actual and suspected Norteños, actual and suspected members of other gangs, individuals who defied the will of the 19th Street Sureños, and individuals suspected of cooperating with law enforcement." Docket No. 241 (Super. Indict. ¶ 20).

- **Count 3:** Violation of 18 U.S.C. § 1959(a)(6) – conspiracy to commit assault with a dangerous weapon in aid of racketeering activity.

  - o Mr. Hernandez allegedly conspired with others "to commit assault with a dangerous weapon, in violation of California Penal Code Section 245(a)(1), to wit, . . . to assault with firearms, knives, and other dangerous weapons actual and suspected Norteños, actual and suspected members of other gangs, individuals who defied the will of 19th Street Sureños, and individuals suspected of cooperating with law enforcement." Docket No. 241 (Super. Indict. ¶ 22).

- **Count 5:** Violation of 18 U.S.C. § 1959(a)(1) and 2 – murder in aid of racketeering activity.

  - o Allegedly, on or about August 30, 2011, Mr. Hernandez and others "unlawfully, knowingly, and intentionally did murder Victim-1, in violation of California Penal Code Sections 187, 188, 189, and 31." Docket No. 241 (Super. Indict. ¶ 25).

- **Count 6:** Violation of 18 U.S.C. § 924(c)(1)(A) – possessing, carrying, and using a firearm in furtherance of, or during and in relation to, a crime of violence.

  - o Allegedly, Mr. Hernandez and others "unlawfully and knowingly did use, carry, and discharge a firearm at Victim-1 during and in relation to a crime of violence . . . , namely, the racketeering conspiracy charged in Count One, the conspiracy to commit murder in aid of racketeering charged in Count Two, the conspiracy to commit assault with a dangerous weapon in aid of racketeering charged in

2

Count Three, and the murder in aid of racketeering of Victim-1 charged in Count Five, and did possess, brandish, and discharge a firearm in furtherance of the offenses charged in Counts One, Two, Three, and Five . . . ."  Docket No. 241 (Super. Indict. ¶ 26).

- **Count 7:** Violation of 18 U.S.C. § 924(j) and 2 – use/possession or firearm in furtherance of crime of violence, resulting in death.
  - Allegedly, Mr. Hernandez and others "unlawfully and knowingly during and in relation to a crime of violence . . . , namely, the murder in aid of racketeering of Victim-1 charged in Count Five . . . , did use and carry a firearm, and in furtherance of such crime, did possess a firearm, and in the course of that crime, did cause the death of a person through the use of a firearm, which killing was murder as defined in Title 18, United States Code, Section 1111(a)."  Docket No. 241 (Super. Indict. ¶ 27).

*See* Docket No. 241 (superseding indictment penalty sheet attachment for Mr. Hernandez).

Ultimately, Mr. Hernandez pled guilty to all of the counts above, except for Count Five (*i.e.*, murder in aid of racketeering, a violation of § 1959(a)).  *See* Docket No. 826 (plea agreement).  In the plea agreement, Mr. Hernandez agreed that certain facts were true, including the fact that, "[o]n or about August 30, 2011, fellow gang members acting in part on my instructions shot and killed a gang member who was violating various gang rules and defying the will of our gang."  Docket No. 826 (Plea Agmt. ¶ 2(j)(x)).

## II.   <u>DISCUSSION</u>

In his motion, Mr. Hernandez argues that his sentences for Counts 6 and 7 of the superseding indictment should be vacated.  As noted above, in Count 6, Mr. Hernandez was charged with and eventually pled guilty to a violation of § 924(c)(1)(A).  In Count 7, Mr. Hernandez was charged with and eventually pled guilty to a violation of § 924(j).

Section 924(c)(1)(A) provides in relevant part that

> any person who, during and in relation to any *crime of violence* or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in

United States District Court
Northern District of California

furtherance of *such crime*, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –

(i)  be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added).

Section 924(j) provides that

[a] person who, *in the course of a violation of subsection (c)*, causes the death of a person through the use of a firearm, shall –

(1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life; and

(2) if the killing is manslaughter (as defined in section 1112), be punished as provided in that section.

*Id.* § 924(j) (emphasis added).

Because § 924(j) is predicated on a violation of § 924(c), the Court focuses on Mr. Hernandez's plea of guilty to a violation of § 924(c)(1)(A) (*i.e.*, Count 6).  As indicated above, § 924(c)(1)(A) requires that there be a "crime of violence."  "Crime of violence" is defined in § 924(c)(3) as

an offense that is a felony and –

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3).  Subsection (A) is known as the "elements" clause and subsection (B) as the "residual" clause.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague.  Based on the *Davis* decision, Mr. Hernandez argues that his sentences for Counts 6 and 7 should be vacated.  In response, the

4

government acknowledges *Davis* but disputes that Mr. Hernandez is entitled to relief.  According to the government, Mr. Hernandez's motion is procedurally defective.  The government further argues that, procedural problems aside, Mr. Hernandez's motion lacks merit because, although *Davis* invalidated the residual clause of § 924(c)(3), it did not invalidate the elements clause, and Mr. Hernandez's convictions for Counts 6 and 7 stand under the elements clause.

For purposes of this opinion, the Court need not address the latter argument raised by the government because it concludes that there is a procedural problem with Mr. Hernandez's motion. More specifically, Mr. Hernandez procedurally defaulted on his *Davis* argument, and thus his motion for relief cannot be entertained on the merits.

"The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising it on collateral review."  *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-51 (2006).  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"  *Bousley v. United States*, 523 U.S. 614, 622 (1998).

A.  Cause and Prejudice

With respect to cause and prejudice, the cause prong by itself is a bar to Mr. Hernandez's *Davis* claim.

In *Bousley*, the Supreme Court provided guidance as to what constitutes cause.  The defendant there pled guilty to "using" a firearm in violation of § 924(c)(1).  Five years after the defendant pled guilty, the Supreme Court held in a decision titled *Bailey* that "§ 924(c)(1)'s 'use' prong' requires the Government to show 'active employment of the firearm'" – *i.e.*, mere possession of a firearm is not good enough.  *Id.* at 616; *see also id.* at 617 (noting that active employment "does not include mere possession," storing of a weapon, or "'placement of a firearm to provide a sense of security or to embolden'").

The Supreme Court acknowledged that there can be cause for a procedural default when a claim "'is so novel that its legal basis is not reasonably available to counsel.'"  *Id.*  But it rejected the defendant's argument that "'the legal basis for his claim was not reasonably available to

United States District Court
Northern District of California

1   counsel' at the time his plea was entered." *Id.*

2           The argument that it was error for the District Court to misinform
3           petitioner as to the statutory elements of § 924(c)(1) was most surely
            not a novel one. *See Henderson*, 426 U.S. at 645-646. Indeed, at
4           the time of petitioner's plea, the Federal Reporters were replete with
            cases involving challenges to the notion that "use" is synonymous
5           with mere "possession." *See, e.g.*, *United States v. Cooper*, 942
            F.2d 1200, 1206 (CA7 1991) (appeal from plea of guilty to "use" of
6           a firearm in violation of § 924(c)(1)), *cert. denied*, 503 U.S. 923
            (1992). Petitioner also contends that his default should be excused
7           because, "before *Bailey*, any attempt to attack [his] guilty plea
            would have been futile." Brief for Petitioner 35. This argument too
8           is unavailing. As we clearly stated in *Engle v. Isaac*, 456 U.S.
            1071982), "futility cannot constitute cause if it means simply that a
9           claim was 'unacceptable to that particular court at that particular
            time.'" *Id.*, at 130, n. 35.

10  *Id.* at 622-23.

11          Given *Bousley*, Mr. Hernandez cannot establish cause for his procedural default. Mr.

12  Hernandez pled guilty to Count 6 (a violation of § 924(c)) on July 22, 2016. *See* Docket No. 826

13  (plea agreement). By that date, the Supreme Court had already decided *Johnson v. United States*,

14  135 S. Ct. 2551 (2015), which held that the residual clause in 18 U.S.C. § 924(e)(2)(B) was

15  unconstitutionally vague. (*Johnson* was decided on June 26, 2015.) Given *Johnson*, it would not

16  have been a stretch for Mr. Hernandez to argue, at the time of his plea, that the residual clause in

17  § 924(c)(3) should also have been deemed unconstitutionally vague. In fact, there are many cases

18  between June 26, 2015 (the date *Johnson* was decided) and July 22, 2016 (the date of Mr.

19  Hernandez plea) where a defendant made the argument that the residual clause § 924(c)(3) should

20  be deemed unconstitutionally vague in light of *Johnson*. *See, e.g.*:

21          • *In re Garrett*, No. 16-13104-J, 2016 U.S. App. LEXIS 24353, at *4 (11th Cir. June
22              16, 2016) ("We have not yet decided whether *Johnson* applies to § 924(c)(3)(B).").

23          • *United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016) ("*Johnson* does not
24              require reversal of Taylor's conviction, because several factors distinguish the
25              ACCA residual clause from § 924(c)(3)(B).").

26          • *Vasquez v. United States*, No. 13-cr-58 (KBF), 2016 U.S. Dist. LEXIS 89816, at
27              *12 (S.D.N.Y. July 11, 2016) ("Vasquez contends that his conviction and sentence
28              on Count Three must be vacated on the ground that the language in § 924(c)(3) is

United States District Court
Northern District of California

similar to that in § 924(e)(2)(B), which the Supreme Court has invalidated in *Johnson*.").

- *United States v. Baires-Reyes*, 191 F. Supp. 3d 1046, 1052 (N.D. Cal. 2016) ("Although the Ninth Circuit has not addressed whether Section 924(c)'s residual clause is unconstitutionally vague, several district courts in the Ninth Circuit have applied *Dimaya* [a Ninth Circuit decision] to so conclude.  In *United States v. Bell*, Judge Orrick found that Section 924(c)'s residual clause was invalid.  Judge Orrick explained that 'as *Dimaya* and *Vivas-Ceja* make clear, the differences in the language used in the ACCA residual clause versus the section 924(c)(3) residual clause are not material insofar as the reasoning in *Johnson II* is concerned.'").

- *United States v. Dervishaj*, 169 F. Supp. 3d 339, 343 (E.D.N.Y. 2016) ("*Johnson* was the spark plug for and, defendants contend, controls, their challenge to the similar, but far from identical, language of § 924(c)(3)(B).").

- *United States v. Lattanaphom*, 159 F. Supp. 3d 1157, 1163 (E.D. Cal. 2016) ("The Ninth Circuit has yet to rule specifically on the constitutionality of the § 924(c) residual clause or the application of *Johnson* and *Dimaya* to that statute.  However, just last week, Judge Orrick in the Northern District of California, in a well-reasoned decision held that the § 924(c) residual clause 'cannot stand under *Johnson*.'").

- *United States v. Ramos-Torres*, No. 15-109 (CCC/BJM), 2016 U.S. Dst. LEXIS 173139, at *4-5 (D.P.R. Jan. 12, 2016) ("Ramos contends that *Johnson* has changed the legal landscape such that carjacking is not a crime of violence. However, because *Johnson* did not affect the validity of the force clause of § 924(e)(2)(B), it similarly does not affect the validity of the force clause of § 924(c)(3).").[1]

---

[1] One of the cases cited by Mr. Hernandez in his reply brief also is consistent with the above.  In *United States v. Nguyen*, No. 98-CR-20060-LHK-4, 2018 U.S. Dist. LEXIS 142107 (N.D. Cal. Aug. 20, 2018), the defendant filed a § 2255 motion in June 2016, claiming that his conviction based on § 924(c) was invalid because of *Johnson*.

1   To the extent Mr. Hernandez argues that, prior to *Davis*, not all courts held that § 924(c)(3)

2   was unconstitutional based on *Johnson*, he is correct. *See Dervishaj*, 169 F. Supp. 3d at 347. But

3   in *Bousley*, the Supreme Court was clear that "futility cannot constitute cause if it means simply

4   that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at

5   623 (internal quotation marks omitted).

6   B.   <u>Actual Innocence</u>

7   Because Mr. Hernandez cannot establish cause for his procedural default, the only way

8   around the procedural default is actual innocence. Here, again, *Bousley* provides guidance.

> Petitioner's claim may . . . be reviewed in this collateral proceeding
> if he can establish that the constitutional error . . . "has probably
> resulted in the conviction of one who is actually innocent." To
> establish actual innocence, petitioner must demonstrate that, "'in
> light of all the evidence,'" "it is more likely than not that no
> reasonable juror would have convicted him." . . .
>
> It is important to note . . . that "actual innocence" means factual
> innocence, not mere legal insufficiency. In other words, the
> Government is not limited to the existing record to rebut any
> showing that petitioner might make. Rather, on remand, the
> Government should be permitted to present any admissible evidence
> of petitioner's guilt even if that evidence was not presented during
> petitioner's plea colloquy and would not normally have been offered
> before our decision in *Bailey*. In cases where the Government has
> forgone more serious charges in the course of plea bargaining,
> petitioner's showing of actual innocence must also extend to those
> charges.
>
> In this case, the Government maintains that petitioner must
> demonstrate that he is actually innocent of both "using" and
> "carrying" a firearm in violation of § 924(c)(1). But petitioner's
> indictment charged him only with "using" firearms in violation of
> § 924(c)(1). And there is no record evidence that the Government
> elected not to charge petitioner with "carrying" a firearm in
> exchange for his plea of guilty. Accordingly, petitioner need
> demonstrate no more than that he did not "use" a firearm as that
> term is defined in *Bailey*.

24   *Bousley*, 523 U.S. at 623-24; *see also Smith v. Baldwin*, 510 F.3d 1127, 1140 (9th Cir. 2007)

25   ("Smith must show that, in light of all available evidence, it is more likely than not that no

26   reasonable juror would convict him of the relevant crime.").

27   In the instant case, the relevant counts to which Mr. Hernandez pled guilty are, as noted

28   above, Counts 6 and 7. However, Count 5 is also a relevant count for purposes of the actual

United States District Court
Northern District of California

8

innocence inquiry as it is a more serious charge that was forgone by the government in the course of plea bargaining.  *See* Opp'n at 16 (noting that Count 5 "carrie[s] a mandatory sentence of life in prison").  Counts 6 and 7 refer to and incorporate the murder charged in Count 5.  Mr. Hernandez does not claim otherwise in his briefs.[2]  Under *Bousley*, a defendant must demonstrate actual innocence for a more serious charge or "a petitioner could escape criminal liability [simply] because of a prosecutor's lenience in agreeing to conviction on less serious, but now invalid, counts in obtaining the plea."  *Vosgien v. Persson*, 742 F.3d 1131 (9th Cir. 2014).

As indicated above, Count 5 charges a violation of 18 U.S.C. § 1959(a)(1) and 2 – *i.e.*, murder in aid of racketeering activity.  *See generally* 18 U.S.C. § 1959(a) ("Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished . . . .").  Given the facts to which Mr. Hernandez admitted in his plea agreement – *i.e.*, "[o]n or about August 30, 2011, fellow gang members acting in part on my instructions shot and killed a gang member who was violating various gang rules and defying the will of our gang."  Docket No. 826 (Plea Agmt. ¶ 2(j)(x)) – Mr. Hernandez cannot establish actual innocence of murder with respect to Count 5.  *Cf. Rahmaan v. United States*, No. 8:18-CV-626-T-27SPF, 2020 U.S. Dist. LEXIS 47938, at *23 (M.D. Fla. Mar. 17, 2020) ("[T]he record refutes any claim of actual

---

[2] In his briefs, Mr. Hernandez argues that he is actually innocent of Counts 6 and 7:

> [I]f after *Davis* the predicate offenses charged in the Superseding Indictment do not constitute a "crime of violence" as defined in § 924(c)(3), then no reasonable juror could have convicted him of violating § 924(c).  Put in different terms, the defendant stands convicted, due to a Supreme Court decision after the time for appeal has expired, of "an act that the law does not make criminal," a miscarriage of justice that justifies collateral relief under § 2255.

Reply at 3-4.  But he does not address actual innocence with respect to Count 5.

United States District Court
Northern District of California

innocence.  Rahmaan admitted the accuracy of the stipulated facts in his plea agreement and confirmed under oath during his plea colloquy that he was guilty of the offenses to which he was pleading."); *United States v. Dufresne*, No. 11-46 (MJD), 2014 U.S. Dist. LEXIS 693, at *11 (D. Minn. Jan. 3, 2014) ("[T]he terms of the Plea Agreement and the statements he made at his plea hearing, are inconsistent with his claim of actual innocence."); *Cady v. United States*, No. 98-CV-33, 1998 U.S. Dist. LEXIS 16791, at *13-14 (N.D.N.Y. Oct. 13, 1998) ("In this case, Cady fails to establish his actual innocence to not only the charges pursued by the government, but also to the charges the government has foregone.  The government, by contrast, cites in support of the conviction Cady's own admission to police soon after his arrest, in which Cady admitted to carrying the Uzi machine gun in the basement area of his house for purposes of guarding his narcotics operation.  Cady also admitted to carrying a firearm both in the plea agreement and during the plea allocution.  In sum, Cady's prior conduct, statements and physical evidence belie his present claim of actual innocence to the 'carry' conviction.").

### III.     CONCLUSION

For the foregoing reasons, the Court denies Mr. Hernandez's motion for relief.  Mr. Hernandez procedurally defaulted on his *Davis* argument, and he cannot rely on either cause and prejudice or actual innocence as a means to overcome the procedural default.

This order disposes of Docket Nos. 1149 and 1186.

**IT IS SO ORDERED**.

Dated: July 29, 2020

_____
EDWARD M. CHEN
United States District Judge