1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,              Case No. 14-cr-00120-EMC-6

8                        Plaintiff,          **ORDER DENYING DEFENDANT'S**
                                             **MOTION FOR RECONSIDERATION**
9                v.                          **AND DENYING REQUEST FOR**
                                             **CERTIFICATE OF APPEALABILITY**
10   JAIRO HERNANDEZ,
                                             Docket No. 1257
11                       Defendant.

12

13

14          Previously, the Court denied Defendant Jairo Hernandez's § 2255 motion.  *See* Docket No.

15   1217 (order).  The Court held that Mr. Hernandez had procedurally defaulted on the claim that his

16   sentences for Counts 6 and 7 of the superseding indictment should be vacated based on *United*

17   *States v. Davis*, 139 S. Ct. 2319 (2009) (holding that the residual clause of 18 U.S.C. §

18   924(c)(3)(B) was unconstitutionally vague).  Subsequently, Mr. Hernandez filed a motion asking

19   for a certificate of appealability ("COA").  The Court construed the filing as a motion for

20   reconsideration because, in the brief, Mr. Hernandez raised a new argument against procedural

21   default.  The Court also ordered briefing on the issue.  Having considered the parties' submissions,

22   the Court hereby **DENIES** the motion for reconsideration and further **DENIES** the request for a

23   COA.

24                        I.          **DISCUSSION**

25          In his motion, Mr. Hernandez argues that (1) a claim that a statute is unconstitutional (as

26   here) is a jurisdictional claim, and (2) jurisdictional claims cannot be procedurally defaulted

27   because a "defendant cannot be convicted of [a] crime . . . if the conviction exceeded the court's

28   jurisdiction."  Mot. at 3.  The Court is not persuaded.

United States District Court
Northern District of California

First, the majority of cases on which Mr. Hernandez relies are decisions in which a court held that a criminal defendant does not waive a constitutional claim simply by entering into a plea agreement.  *See, e.g.*, *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir. 1989) (stating that "[c]laims that 'the applicable statute is unconstitutional or that the indictment fails to state an offense' are jurisdictional claims not waived by the guilty plea"), *amended at* 907 F.2d 115 (9th Cir. 1990); *see also Class v. United States*, 138 S. Ct. 798, 805 (2019) (stating that "[a] guilty plea does not bar a direct appeal" when the challenge is to "the Government's power to criminalize Class' (admitted conduct)"; the claims "call into question the Government's power to "constitutionally prosecute him") (internal quotation marks omitted); *United States v. Haensgren*, 775 Fed. Appx. 284, 285 (9th Cir. 2019) (stating that "[a] claim that the statute of conviction is facially unconstitutional is a 'jurisdictional claim[] not waived by the guilty plea'").  That is not the situation before the Court.  Rather, here, the Court is confronted with the issue of whether Mr. Hernandez should be barred from raising his constitutional claim because he did not raise it on direct appeal (even though he could have).  The requirement for exhaustion is separate and distinct from the question of waiver by plea.  None of the cited cases involve excusal from the exhaustion requirement under § 2255.

Second, the term "jurisdiction" can have different meanings in different contexts, and, in *United States v. Ratigan*, 351 F.3d 957 (9th Cir. 2003), the Ninth Circuit indicated that a jurisdictional claim that would not be barred by a procedural default is one where a court's subject matter jurisdiction is being challenged – *i.e.*, a court's constitutional or statutory power to adjudicate a case.[1]  *See id.* at 963.  *See, e.g.*, *Harris v. United States*, 149 F.3d 1304, 1307-08 (11th Cir. 1998) (noting that "jurisdictional defects . . . *cannot* be procedurally defaulted; finding such a defect where district court imposed enhanced conviction based on a prior conviction but government failed to file information concerning defendant's prior conviction before acceptance of plea) (emphasis in original). But where the challenge – even if relates to the federal jurisdictional element of the crime (*e.g.*, alleging the bank is FDIC insured in a bank robbery case)

---

[1] In *Ratigan*, the Ninth Circuit rejected the defendant's argument that insufficient evidence to sustain his convictions constituted a jurisdictional defect that could not be procedurally defaulted.

1  – goes to the merits of the charge(s), that is not a fundamental jurisdictional matter that can be

2  raised without regard to procedural rules. *See Rattigan*, 351 F.3d at 962-63 (noting that, in *United*

3  *States v. Cotton*, 535 U.S. 625 (2002), the Supreme Court held that "defects in an indictment do

4  not deprive a federal court of its power to adjudicate a case"; an "objection that the indictment

5  does not charge a crime against the United States goes only to the merits of the case") (internal

6  quotation marks omitted).[2]  Here, Mr. Hernandez does not challenge the power of this Court to

7  adjudicate the case.

8  Under Mr. Hernandez's argument, a challenge to the constitutionality of a statute of which

9  a defendant is convicted could always be raised in a § 2255 motion even if there was no

10  exhaustion.  The Ninth Circuit has never so held.  Indeed, in *United States v. Swisher*, 811 F.3d

11  299 (9th Cir. 2016) (en banc), the Court assumed that a failure to raise a constitutional challenge

12  to a statute could be barred by failure to raise on direct appeal.  *See id.* at 307 (stating that

13  defendant's "failure to raise his constitutional claim at trial or on direct appeal" did not preclude

14  the Ninth Circuit from reviewing his claim because, "[a]lthough federal prisoners are generally

15  barred from raising claims on collateral review that they could have raised on direct appeal," the

16  government waived the procedural default defense).  Other circuit courts have similarly held or at

17  least suggested that a constitutional challenge to a statute can still be procedurally defaulted.  *See,*

18  *e.g.*, *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012)  (holding that defendant

19  procedurally defaulted on a claim that a statute was unconstitutionally vague); *Reed v. United*

20  *States*, 985 F.2d 880, 881 (7th Cir. 1993) (acknowledging defendant's argument that "the statute

21  under which the defendant was sentenced was unconstitutionally vague" but not addressing the

22  issue because defendant did not demonstrate cause and prejudice for his procedural default); *see*

23  *also United States v. Baucum*, 80 F.3d 539, 543-44 (D.C. Cir. 1996) (citing Supreme Court cases

24

25  [2] In light of *Cotton*, the Ninth Circuit's decision in *United States v. Mitchell*, 867 F.2d 1232 (9th
   Cir. 1989), should not be enough to support Mr. Hernandez's position. *See id.* at 1233 n.2 (in a
26  case where defendant filed a § 2255 motion after a Supreme Court case put into question whether
   the indictment adequately alleged a mail fraud claim, stating that defendant's "failure before trial
27  and on direct appeal to challenge the indictment on the ground now asserted does not bar collateral
   attack" because, if defendant's "'claim were correct, the indictment would fail to state an offense
28  against the United States and the district court would be deprived of jurisdiction [and] [b]ecause
   the defect complained of is jurisdictional, [defendant's] claims is reviewable'").

United States District Court
Northern District of California

1   "suggest[ing] that a collateral attack to the facial constitutionality of a statute *can* be waived if the

2   defendant cannot show good cause for having failed to raise it earlier"; also noting that it would be

3   imprudent "to treat all facial constitutional challenges as jurisdictional, [as] we would place a

4   burden on trial courts to make threshold constitutional determinations without the benefit of

5   briefing and argument, and invite 'wait and see' tactics throughout the entire duration of the

6   criminal proceedings") (emphasis in original).

7   ## II.   CONCLUSION

8   Accordingly, for the foregoing reasons, the Court denies Mr. Hernandez's motion for

9   reconsideration.  However, the Court shall issue a COA.  The Ninth Circuit has not ruled squarely

10  on the issue addressed herein.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating that,

11  "[w]hen the district court denies a habeas petition on procedural grounds without reaching the

12  prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least,

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

United States District Court
Northern District of California

that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling").[3]

      **IT IS SO ORDERED**.


Dated: October 26, 2020



           EDWARD M. CHEN
           United States District Judge

---

[3] As indicated by the above, jurists of reason could find it debatable whether the Court's procedural ruling here is correct. Jurists of reason could also find the merits of Mr. Hernandez's § 2255 motion debatable.

      Regarding the merits, there is no dispute that the "crime of violence" identified in Counts 6 and 7 of the superseding indictment was murder in aid of racketeering (as specified in Count 5). In his § 2255 motion, Mr. Hernandez argues that, with respect to Count 5, the superseding indictment stated that the murder was "in violation of the laws of [California]" (instead of federal law), 18 U.S.C. § 1959(a), and, under California law, murder is not always a crime of violence – which thereby nullifies Counts 6 and 7. *See, e.g.*, in *United States v. Simmons*, No. 2:16cr130, 2018 U.S. Dist. LEXIS 196181, at *15 (E.D. Va. Nov. 16, 2018) (agreeing with defendants that, "because the jury in this case was instructed to base its verdict as to the fourth element of Count 29 on the Virginia state-court offenses read to the jury, not the elements of 'generic' assault with a deadly weapon," the court should look to state law). This argument is not without some force.

      For example, in *United States v. Begay*, 932 F.3d 1033 (9th Cir. 2019), the Ninth Circuit held that a "'crime of violence' [for purposes of § 924(c)(3)] requires intentional conduct," not just reckless conduct, *id.* at 1039 (indicating that "reckless conduct 'is not purposeful'"), but, under California law, murder can be committed through reckless conduct, not just intentional conduct. *See, e.g.*, Cal. Pen. Code § 189 (providing that malice may be express or implied – with implied malice being, *e.g.*, "when the circumstances attending the killing show an abandoned and malignant heart"); *People v. Scott*, 14 Cal. 4th 544, 554 (1996) (Mosk, J., concurring) (stating that "[m]alice aforethought may be express – consisting of the unlawful intent to kill – or implied – comprising any other mental state that may tolerably be identified as recklesslessness").

      Also, a crime of violence has as an element the use, attempted use, or threatened use of physical force. The Supreme Court has explained that physical force means "violent force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis omitted; addressing the meaning of physical force as used in 18 U.S.C. § 924(e)(2)(B)). But California law provides that murder is the "unlawful killing of a human being, *or a fetus.*" Cal. Pen. Code § 187 (emphasis added).

United States District Court
Northern District of California